DAVIS, Circuit Judge,
concurring in part and concurring in the judgment:
I concur in most of the majority opinion affirming the judgment of the district court.
I write separately to note that this Circuit’s precedent is not conclusive as to whether a search of Gibbs’ cell phone would exceed the scope of a permissible warrantless search on the instant facts. The majority opinion cites United States v. Murphy, 552 F.3d 405 (4th Cir.2009), for this proposition, but Murphy presented a substantially different case than the one presented here. See ante, at 180 n. 1. In Murphy, after giving police officers conflicting information about his identity while being questioned during a traffic stop, Murphy gave the police his cell phone (which was on his person), and told them about particular information on the phone that could be used to verify his identity. Id. at 408. On plain error review, we affirmed the district court’s ruling, in part because the initial search of the cell phone occurred “in Murphy’s presence and at his direction.” Id. at 412.
Murphy is factually and legally inapposite. The question of a warrantless cell phone search is not presented here, as the investigating officers secured a valid warrant before conducting the search.[1] Thus, *186 it remains an open question whether the wholesale download of the contents of Gibbs’ phone, including his contacts, text messages, and call history, could be effected without a warrant as a search conducted pursuant to a lawful arrest.[2]

. In addition to reciting the events of Gibbs’ arrest for possession of marijuana, Officer Grill included in the warrant application the suspicious nature of having four cell phones from four different cell phone providers, with numbers in four different area codes. Cf. United States v. Vaughan, 700 F.3d 705, 712 (4th Cir.2012) (acknowledging reasonableness of officer's suspicions arising from the pres *186 ence of four cellular phones in a vehicle containing two persons).
Officer Grill stated that in his experience, drug dealers "use multiple cellular telephones with different service providers and area codes in an attempt to disguise their identity from being tracked by law enforcement officials.” J.A. 99. Officer Grill also outlined the specific types of evidence that might be found on these cell phones, again based on his training and experience: communications involving illegal narcotics, including photographs, emails, text messages, address book information, call history information and financial records. This information addressing the particular suspicion around multiple cell phones, in combination with the discovery of drugs and Gibbs’ admission to being in possession of marijuana, all permissibly lead to a finding of probable cause that there would be evidence of criminal activity in the cell phones.

. Indeed, we have acknowledged that a search of a cell phone’s contents could be beyond the scope of a search incident to a lawful arrest, albeit by unpublished opinion. See United States v. Arellano, 410 Fed.Appx. 603, 606-07 (4th Cir.2011) (agreeing with the district court’s ruling that while seizure of a phone was permissible pursuant to the defendant's arrest, turning on and using the cell phone unlawfully exceeded the scope of a permissible search). There is a split among the circuits that have confronted this issue. Compare United States v. Finley, 477 F.3d 250, 259-60 (5th Cir.2007) (upholding search of cell phone found on defendant’s person as a search incident to a lawful arrest), and United States v. Flores-Lopez, 670 F.3d 803, 810 (7th Cir.2012) (same), with United States v. Wurie, 728 F.3d 1, 13 (1st Cir.2013) (holding that "the search-incident-to-arrest exception does not authorize the warrantless search of data on a cell phone seized from an arrestee’s person”).